**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Attorneys for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Ivaan Sanchez,** individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| **The Gap, Inc.,** | |
| Defendant. | |

### CLASS ACTION COMPLAINT

Plaintiff, Ivaan Sanchez, brings this action against Defendant, The Gap, Inc., to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2. To promote its goods and services, Defendant engages in unsolicited text messaging and continues to text message consumers after they have opted out of Defendant's solicitations.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of

the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

6.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of Arizona.

7.      Defendant is a corporation whose principal office is located in California. Defendant directs, markets, and provides its business activities throughout the state of Arizona.

8.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

9.      Defendant has caused multiple text messages to be transmitted to Plaintiff's cellular telephone number ending in 5669 ("5669 Number"):





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19





20      10.     Plaintiff has asked Defendant many times to stop contacting him but Defendant

21  continues to send him text messages as shown above. The first stop request was on December 2,

22  2023.

23      11.     Since then Defendant has texted him multiple times including on December 3,

24  2024, December 8, 2023, December 12, 2023, December 18, 2023,   December 29, 2023,

25  December 31, 2024 and January 4, 2025, January 12, 2025, January 19, 2025, January 23, 2025,

26  and January 26, 2025.

27
28

12.    As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

13.    As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

14.    As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding, but Defendant continued to text message

15.    Defendant sent at least two solicitations after Plaintiff's initial opt-out request.

16.    Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

17.    Plaintiff utilizes the cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line and has been on the National Do Not Call Registry since December 13, 2018.

18.    Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

19.    Defendant's failure to honor opt-out requests demonstrates that Defendant does not 1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

20.    Defendant's failure to (1) maintain the required written policies and procedures, (2) provide training to its personnel engaged in telemarketing, (3) maintain a standalone do-not-call list, and (4) honor consumer opt-out requests caused Plaintiff and the class members harm as they continued to receive text message solicitations after asking for those messages to stop.

21.     Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

22.     Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

### PROPOSED CLASS

23.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

24.     Plaintiff brings this case on behalf of each Class defined as follows:

**INTERNAL DO NOT CALL CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's goods, products or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future text messages.**

**DNC CLASS: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one text message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services; (4) to said person's residential cellular telephone number; (5) after making a request to Defendant to not receive further text messages by replying with a "stop" or similar opt-out instruction in response to Defendant's text message(s).**

25.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

26.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

27.     Upon information and belief, Defendant has placed prerecorded message calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

29.     There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

    a.   Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;
    b.   Whether Defendant continued to send text message solicitations after opt-out requests;
    c.   Whether Defendants maintain an internal do-not-call list and instruct their employees on how to use the list; and
    d.   Whether Defendant is liable for damages, and the amount of such damages.

30.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

31.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

1

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

2      32.     Plaintiff is a representative who will fully and adequately assert and protect the

3   interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate

4   representative and will fairly and adequately protect the interests of the Class.

5          **PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

6      33.     A class action is superior to all other available methods for the fair and efficient

7   adjudication of this lawsuit, because individual litigation of the claims of all members of the Class

8   is economically unfeasible and procedurally impracticable. While the aggregate damages sustained

9   by the Class are in the millions of dollars, the individual damages incurred by each member of the

10  Class resulting from Defendant's wrongful conduct are too small to warrant the expense of

11  individual lawsuits. The likelihood of individual Class members prosecuting their own separate

12  claims is remote, and, even if every member of the Class could afford individual litigation, the

13  court system would be unduly burdened by individual litigation of such cases.

14     34.     The prosecution of separate actions by members of the Class would create a risk of

15  establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For

16  example, one court might enjoin Defendant from performing the challenged acts, whereas another

17  may not.  Additionally, individual actions may be dispositive of the interests of the Class, although

18  certain class members are not parties to such actions.

19                          **COUNT I**
            **VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
20              **(On Behalf of Plaintiff and the Internal Do Not Call Class)**

21     35.     Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.
22

23     36.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

24          No person or entity shall initiate any call for telemarketing purposes
            to a residential telephone subscriber unless such person or entity has
25          instituted procedures for maintaining a list of persons who request
            not to receive telemarketing calls made by or on behalf of that
26          person or entity. The procedures instituted must meet the following
            minimum standards:
27

28
                      CLASS ACTION COMPLAINT
                                8

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

37.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

38.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

39.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

40.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

41.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

42.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

43.     As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

44.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the DNC Class)**

45.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

46.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47.     Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

48.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49.    Plaintiff and the Class Members revoked any consent they may have previously provided Defendant by replying with a "stop" or similar opt-out  instruction in response to Defendant's text messages.

50.    Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. *See* 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call request * * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.")

51.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

53.    As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

    a) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

    b) An order declaring that Defendant's actions, as set out above, violate the TCPA;

    c) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d)  by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list

    d) Such further and other relief as the Court deems necessary.

Dated: February 1, 2025

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Attorneys for Plaintiff and the Proposed Class*